John BOYD, et al.,
Plaintiffs-Appellants,

v.

James S. ROLAND, et al.,
Defendants-Appellees.

No. 85–4448.

United States Court of Appeals,
Fifth Circuit.

May 14, 1986.

Opinion on Denial of Rehearing
June 27, 1986.

Guy T. Gillespie, III, Holcomb, Dunbar, Connell, Chaffin & Willard, Oxford, Miss., for plaintiffs-appellants.

Robert P. Crutcher, Asst. U.S. Atty., Oxford, Miss., Charles M. Powers, Jackson, Miss., Glen H. Davidson, U.S. Atty., William M. Dye, Jr., Asst. U.S. Atty., Oxford, Miss., Scoot, Hetrick & McBee, Jackson, Miss., Zabron A. Davis, III, Oxford, Miss., for defendants-appellees.

Before GEE, RUBIN and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Appellants appeal the district court's denial of their request for a preliminary injunction and dismissal of their action. We issued an order on November 12, 1985, affirming the denial of the preliminary injunction but vacated the dismissal and remanded the case for further proceedings. We now give reasons for our ruling.

This case centers around the demolition of the former North Mississippi Retirement Home which is located at 400 South Main Street in Grenada, Mississippi. Appellants own homes in Grenada located on South Main Street surrounding the retirement home.

The construction of the building at issue was completed in 1919. It originally existed as a college, was later used as a hotel, and then was finally used as a retirement home. After the retirement home was closed, the building remained vacant for several years and fell into disrepair.

In 1982, the All Saints Episcopal Church in Grenada decided to renovate the building to provide housing for the elderly and the handicapped. The church formed the Episcopal Housing Development Corporation of Grenada (EHD) and applied in June 1983 to the Department of Housing and Urban Development (HUD) for financing under Section 202 of the Housing Act of 1959.

After applying for the loan, consultants to EHD sent a form notice to the acting Mississippi State Historic Preservation Officer (SHPO), Roger Walker, on June 15, 1983, outlining the proposed project and inviting comments or objections. On June 22, 1983, Walker responded by letter to EHD stating that the building appeared to be architecturally significant and requested additional information. Walker never received a response to this request. In September of 1983, HUD approved EHD's loan application for $1,358,000.

After the loan was approved, EHD hired Charlie Craig, an architect, to review the renovation potential of the retirement home. Craig concluded that the exterior of the building was in acceptable condition but the interior was unsafe. He estimated that restoration of the interior would cost $500,-000 more than the $1,358,000 loan from HUD. EHD was unable to obtain the additional funds from either the State of Mississippi or charitable foundations. Therefore, in early 1984, the decision was made to raze the building and erect a new one. In September of 1984, demolition of the building commenced. On June 27, 1985, a petition was filed by the appellants complaining that the new building would be architecturally inconsistent with the surrounding neighborhood and that the appellees, in conducting this project, had failed to comply with Section 106 of the National Historic Preservation Act (NHPA).[1] By this time, the retirement home had been cleared away and construction of the new building had begun. Appellants sought a temporary restraining order and preliminary injunction prohibiting further funding or construction of the new building until the appellees complied with NHPA.

On July 1, 1985, the district court held a hearing on the motion for a temporary restraining order. Following the hearing, the district court denied the request for a restraining order and preliminary injunction and dismissed the case. Appellants immediately filed a notice of appeal.

Section 106 of NHPA requires federal agencies to take into account the effect any federally assisted undertaking may have on any "district, site, building or object that is included in or eligible for inclusion in the National Register" of Historic Places. Appellants' theory of the case is that the neighborhood surrounding the retirement home, consisting of approximately five blocks on Main Street, is eligible for listing as a historic district. This neighborhood is not listed on the National Register nor has it been officially determined eligible for listing, but the district court found that the "property on Main Street" is eligible because it meets the National Register criteria. Appellees do not contest this finding. We interpret the district court's conclusion as agreeing with appellants that the neighborhood qualifies for listing in the National Register, which finding is supported by the record. However, the district court held that "eligible property" under NHPA was limited to property that had been *determined* eligible for listing in the National Register by a state or federal agency. Because no such determination had been made, the district court concluded that this neighborhood is not protected by NHPA. For the reasons that follow, we disagree with this conclusion.

Before 1976, NHPA required federal agencies to consider the impact of a federally assisted undertaking only on property "included in the National Register." However, Congress amended section 106 of the

1. Section 106 of the National Historic Preservation Act provides:

The head of any Federal agency having direct or indirect jurisdiction over a proposed Federal or federally assisted undertaking in any State and the head of any Federal department or independent agency having authority to license any undertaking shall, prior to the approval of the expenditure of any Federal funds on the undertaking or prior to the issuance of any license, as the case may be, take into account the effect of the undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register. The head of any such Federal agency shall afford the Advisory Council on Historic Preservation established under sections 470i to 470v of this title a reasonable opportunity to comment with regard to such undertaking.

16 U.S.C.A. § 470f (West 1985).

NHPA to require federal agencies to take into account the effect of a federally assisted undertaking on property "included in or *eligible for inclusion* in the National Register." 16 U.S.C.A. § 470(f) (West 1985) (emphasis added). The regulations define eligible property as property "that *meets* the National Register criteria." 36 C.F.R. § 800.2(f) (1985) (emphasis added). Before 1979, the regulations defined eligible property as any property "which the Secretary of the Interior determines is likely to meet the National Register criteria." 36 C.F.R. § 800.3(f) (1978).

■ A plain reading of section 106 and its regulations, as amended, persuades us that property qualifies as eligible property on the basis of literal eligibility under the National Register criteria. Consequently, we conclude that eligible property is not restricted to property that has been officially *determined* eligible for inclusion in the National Register. Other courts have reached this same conclusion. In *Colorado River Indian Tribes v. Marsh*, 605 F.Supp. 1425, 1437 (C.D.Cal.1985), the court concluded that: "What is an eligible property for purposes of NHPA turns upon the inherent historical and cultural significance of the property and not opinion of its worth by the Secretary of the Interior." *See also Hough v. Marsh*, 557 F.Supp. 74 (D.Mass. 1982); *WATCH v. Harris*, 603 F.2d 310 (2d Cir.), *cert. denied, sub nom., Waterbury Urban Renewal Agency v. Waterbury Action to Conserve our Heritage, Inc.*, 444 U.S. 995, 100 S.Ct. 530, 62 L.Ed.2d 426 (1979) (implicitly reaching this conclusion); *Morris County Trust for Historic Preservation v. Pierce*, 714 F.2d 271 (3d Cir.1983) (implicitly reaching this conclusion).

Appellees cite two cases in support of the district court's ruling: *Birmingham Realty Co. v. General Services Administration*, 497 F.Supp. 1377 (N.D.Ala.1980); and *Committee to Save the Fox Building v. Birmingham Branch of the Federal Reserve Bank*, 497 F.Supp. 504 (N.D.Ala. 1980). We do not find the reasoning in these cases persuasive and disagree with them to the extent they are inconsistent with this opinion.

■ Although we conclude that the neighborhood surrounding the retirement

home on South Main Street is "eligible property" within the area of impact of the undertaking in this case and subject to the protection of NHPA,[2] we nevertheless affirm the district court's denial of appellants' petition for preliminary injunction. A preliminary injunction should be granted only if: (1) there is a substantial likelihood that plaintiff will prevail on the merits, (2) there is a substantial threat that irreparable injury will result if the injunction is not granted, (3) the threatened injury outweighs the threatened harm to defendant, and (4) granting the preliminary injunction will not disserve the public interest. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618 (5th Cir.1985). Given the progress of EHD's project in this case, the district court did not abuse its discretion in denying the application for preliminary injunction.

The dismissal of the action following the hearing on plaintiffs' application for injunction, however, was not warranted. The dismissal was premised on the erroneous legal conclusion that NHPA did not apply to the property at issue because its eligibility for inclusion on the National Register had not been officially determined. On remand the district court should permit appellants to amend their pleadings to seek whatever relief may be appropriate under the circumstances that now exist at the construction site and in the neighborhood. The court should then consider appellants' amended complaint in light of our holding that the property at issue is protected by NHPA.

Accordingly, the judgment of the district court is AFFIRMED in part, REVERSED in part and REMANDED for proceedings consistent with this opinion.

## ON PETITION FOR REHEARING

Boyd, in his application for rehearing, calls our attention to the fact that the retirement home has been cleared away but construction had not commenced on this site at the time the hearing was held in the district court. Neither had the HUD loan been finally closed. Consequently, Boyd may well be correct that HUD could have declined to close the loan at the time of the district court hearing. The district court

---

**2.** Because of our conclusion that the district court erred in its determination that appellants' property was not subject to the protection of NHPA, we do not address appellant's alternate

contention, rejected by the district court, that the SHPO was not given adequate notice of the intention to tear down the retirement home.

made no finding on this fact and we are unable to say that the district court could properly have denied the claim for injunction on the ground of mootness.

The only ground on which the district court clearly bottomed its denial of injunctive relief was its interpretation of the National Historic Preservation Act. Because we have concluded that the district court's interpretation of that statute is erroneous, we vacate the order denying a preliminary injunction. By doing so, we do not imply that an injunction should now be ordered. To the contrary, at argument before this panel counsel for Boyd conceded that during the pendency of the appeal construction on the project had progressed substantially and Boyd did not seek an order requiring destruction of that construction. Since that time, construction has most certainly progressed further which makes denial of injunctive relief more compelling.

Except as stated above, the application for rehearing is DENIED.